89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brady L. WOOD, Defendant-Appellant.
 No. 95-5742.
 United States Court of Appeals, Sixth Circuit.
 July 12, 1996.
 
 Before: KENNEDY, COLE, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Brady Wood appeals his conviction for possession and distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) and his sentence. Wood argues that the district court erred in: denying his motion to suppress evidence; denying his motion for judgment of acquittal based upon the defense of entrapment; denying his special request for an entrapment defense instruction; overruling his objection to a forfeiture instruction; overruling his objections to the pre-sentence report; improperly impanelling the jury; failing to charge a missing witness instruction; failing to provide the jury with written instructions from the start; denying Wood's motion to dismiss the indictment on double jeopardy grounds; and refusing to allow counsel to cross examine Long regarding the credibility of a government informant.
 
 
 2
 We find that none of Wood's assignments of error have merit and we affirm Wood's conviction and sentence.
 
 I.
 
 3
 On March 22, 1994, a federal grand jury in the Eastern District of Tennessee at Greenville indicted Wood on five counts of distributing marijuana, use of a firearm during and in relation to a drug trafficking offense, use of a communication facility to facilitate distribution of cocaine, and five forfeiture counts.
 
 
 4
 Mike Long, a detective with the Hamblen County Sheriff's Department assigned as a narcotics agent to the Third Judicial District Drug Task Force, testified that he met Wood in January of 1994, and that at their first meeting on January 11, he purchased one quarter of a pound of marijuana from Wood. Long further testified that on January 14, he purchased one pound of marijuana for $1,400; on January 22, he purchased five pounds of marijuana for $6,875; on February 3, 1994, he purchased five more pounds for $6,875; on March 18, he purchased 25.5 pounds of marijuana for $34,425, and that two freezers full of marijuana were found at Wood's residence.
 
 II.
 
 5
 Wood's first argument on appeal is that the district court erred in denying his motion for judgment of acquittal based upon the defense of entrapment. We review this claim to determine whether, considering the facts in a light most favorable to the government, any rational trier of fact could have found, beyond a reasonable doubt, that Wood committed the crime. United States v. Morrow, 977 F.2d 222, 230 (6th Cir.1992), cert. denied, 113 S.Ct. 2969 (1993). We will only reverse the judgment if it is not supported by substantial evidence in the record as a whole. United States v. Bond, 22 F.3d 662, 667 (6th Cir.1994).
 
 
 6
 Wood argues that the government failed to present evidence from which a reasonable juror could conclude that he was predisposed to violate narcotics laws. He apparently believes that the district court should have determined that he was entrapped as a matter of law. However, entrapment may only be determined by the court as a matter of law when the facts are undisputed and demonstrate a "patently clear" absence of predisposition. United States v. Silva, 846 F.2d 352, 355 (6th Cir.), cert. denied, 488 U.S. 941 (1988).
 
 
 7
 Although the government did not introduce evidence of Wood's bad character or past drug deals, the government did introduce testimony establishing that Wood sold drugs to Long within minutes of meeting him. Moreover, the government introduced testimony establishing that Wood sold drugs to Long on numerous occasions. There was also testimony which established that two freezers full of marijuana were found at Wood's residence. Viewing this evidence in a light most favorable to the government, and leaving all credibility determinations to the trier of fact, we find that the facts do not present the patently clear absence of predisposition necessary for a court to find entrapment as a matter of law.
 
 III.
 
 8
 Wood's second argument on appeal is that the district court erred in denying his request for a specific entrapment defense instruction. We review jury instructions to determine whether "they adequately inform the jury of relevant considerations and provide a basis in law for the jury to reach its decision." Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72 (6th Cir.1990). We will only reverse the district court "if the instructions, viewed as whole, were confusing, misleading, or prejudicial." Id. at 72-73.
 
 Wood requested the following instruction:
 
 9
 I charge you that the prosecution must prove beyond a reasonable doubt that the defendant was willing to commit the offense prior to the time when the government agent, Tommy Bradley, first contacted the defendant to propose the wrongful conduct. The government may not take a defendant who is initially truly unwilling to commit the offense and then induce him to become a criminal. The government must prove beyond a reasonable doubt that a predisposition to commit the particular crime existed prior to and independent of government contact with Brady Wood. Predisposition is the defendant's state of mind before his initial exposure to government agents.
 
 
 10
 (emphasis added).
 
 
 11
 The court refused to give this instruction, and gave the following instruction, which closely parallels Pattern Jury Instruction 6.03:
 
 
 12
 Now, if a defendant was not already willing to commit the crime and the government persuaded him to commit it, that would be entrapment; but if the defendant was already willing to commit the crime, it would not be entrapment ... Now the government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime.
 
 
 13
 (emphasis added).
 
 
 14
 In Jacobson v. United States, 503 U.S. 540, 548-549 (1992), the court held that:
 
 
 15
 [w]here the Government has induced an individual to break the law and the defense of entrapment is at issue ... the prosecution must prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents.
 
 
 16
 (Emphasis added). In United States v. Sherrod, 33 F.3d 723 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995), this court considered whether Pattern Jury Instruction 6.03 was adequate in light of Jacobson. Although we found that the instruction is potentially ambiguous, this Court held that its most probable interpretation is consistent with Jacobson. Sherrod, 33 F.3d at 726. Since the instruction in this case is equivalent to that in Sherrod, it is affirmed for the same reasons.
 
 IV.
 
 17
 Defendant claims that the search warrants were defective because a special agent was not authorized to request a warrant. While the special agent signed the affidavit for the warrant, the record reflects that an Assistant United States Attorney sought the warrant. Underneath the magistrate judge's signature on the application for the search warrant is the following: "The request for the Search Warrant is being made by Assistant United States Attorney Edward L. Holt." AUSA Holt signed the applications and dated them March 18, 1994, the same date listed as the date Agent Morris swore before the magistrate judge. The court did not err in finding that Holt requested the warrant.
 
 
 18
 Nor was the execution of the warrant defective. Under 18 U.S.C. § 1305, a federal search warrant "may be executed by (1) the person to whom the warrant is directed; (2) any officer authorized by law to execute search warrants ... Here, the search warrant was directed to "Special Agent David M. Morris, Tennessee Bureau of Investigations, and any authorized officer of the United States." Special Agent Barney Waggoner of the ATF, who is authorized to execute warrants under 21 U.S.C. § 7608(a), personally executed the warrant at defendant's home. When Agent Morris executed the warrant at defendant's convenience store, he was assisted by Special Agent Tim Wilson of the DEA, who is authorized to execute search warrants under 21 U.S.C. § 878(a)(2). When defendant's truck was searched, Special Agent Russell Alford of the ATF, who is authorized to execute search warrants under 26 U.S.C. § 7608(a), was present.
 
 V.
 
 19
 Wood next asserts that the district court erred in enhancing his sentence by two levels for perjury/obstruction of justice, and in refusing to reduce his sentence by two levels for acceptance of responsibility. We review a District Court's application of the Sentencing Guidelines de novo, and its supporting factual findings for clear error. United States v. Muhammad, 948 F.2d 1449, 1455 (6th Cir.1991), cert. denied, 502 U.S. 1119 (1992).
 
 
 20
 The district court found that the defendant committed perjury. Specifically, Wood testified that the marijuana seized at his residence was not his--rather, he was storing it for the informant, Bradley, while the "heat" was on. Wood also testified that all the marijuana he had sold had been provided by Bradley. However, at Wood's sentencing hearing, Bradley testified that he had never sold the defendant any marijuana, nor had he requested that Wood store any drugs for him. The court found that Wood had willfully testified falsely to a material fact when he denied ownership of the 310 pounds of marijuana found at his residence. The district court further concluded that the false testimony was provided by Wood to avoid conviction. Given this factual determination by the court, we find that the court was within its discretion in enhancing the defendant's sentence by two points for obstruction of justice. Recognizing that a trial judge must make a specific finding of perjury in order to enhance a sentence for perjury, see United States v. Spears, 49 F.3d 1136, 1143 (6th Cir.1995), we find that the court complied with this mandate, and properly enhanced Wood's sentence by two points for obstruction of justice.
 
 
 21
 We find that the district court was also within its discretion in denying Wood's motion for a two-level departure for acceptance of responsibility. While Wood admitted to the drug sales, he did so only in an effort to convince the court and the jury that he had been entrapped. He continuously denied ownership of the 310 pounds of marijuana found at his residence, and testified that all of the marijuana that he sold had been supplied to him by Bradley. In the case upon which Wood relies, United States v. Fleener, 900 F.2d 914, 918 (6th Cir.1990), we held that a defendant who asserts an entrapment defense at trial is not automatically precluded from later receiving a reduction for acceptance of responsibility--rather, it is within the court's discretion. Here, the court found that Wood never took responsibility for his actions. Merely admitting to drug sales for which there was overwhelming evidence does not entitle Wood to a reduction for acceptance of responsibility, particularly when he denied owning any of the marijuana.
 
 
 22
 Accordingly, we conclude that the district court's rulings on these sentencing matters were not clearly erroneous.
 
 VI.
 
 23
 After fully considering oral argument and the record on appeal, we find that Wood's remaining claims also have no merit. Accordingly, we affirm Wood's conviction and sentence.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation